NOT FOR PUBLICATION OR CITATION

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LONDON DIVISION

| | |
|---|---|
| LAMONT BENEDICT NELSON,<br>a/k/a LAMONT LEE,<br><br>Petitioner,<br><br>V.<br><br>JEFF GRONDOLSKY,<br><br>Respondent. | Civil Action No. 6: 06-332-DCR<br><br>**MEMORANDUM OPINION<br>AND ORDER** |

\*\*    \*\*    \*\*    \*\*    \*\*

Pro Se Petitioner Lamont Benedict Nelson, a/k/a Lamont Lee ("Nelson") is currently incarcerated at the Federal Correctional Institution in Manchester, Kentucky. He has submitted a petition for writ of habeas corpus pursuant to 28 U.S.C. §2241 and has paid the $5.00 filing fee. This matter is before the Court for screening. 28 U.S.C. §2243; *Demjanjuk v. Petrovsky*, 612 F. Supp. 571 (N.D. Ohio 1985) (citing *Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970); *accord Aubut v. State of Maine*, 431 F.2d 688, 689 (1st Cir. 1970)). Because this is a *pro se* petition, it is held to less stringent standards than those drafted by attorneys. *See Cruz v. Beto*, 405 U.S. 319 (1972); *Haines v. Kerner*, 404 U.S. 519 (1972). The allegations in a *pro se* petition must be taken as true and construed in favor of the petitioner. *See Malone v. Colyer*, 710 F.2d 258, 260 (6th Cir. 1983). However, 28 U.S.C. §1915(e)(2) permits a court to dismiss a case at any time if the court determines that the action is: (i) frivolous or malicious or (ii) fails to state a claim upon which relief can be granted.

**BACKGROUND**

Nelson was a leader and organizer of a seven-person team that robbed jewelry stores through carefully-planned operations executed in San Diego on July 11 and August 12, 1992, and in Indianapolis on October 14, 1992. Nelson and the other members of his team were captured shortly after the robbery in Indianapolis. *See United States v. Lott*, 137 F.3d 1094 (9th Cir. 1998), and *United States v. Nelson*, 39 F.3d 705 (7th Cir. 1994).

In his first criminal prosecution, Nelson was found guilty of aiding and abetting the interference of commerce by robbery in violation of the Hobbs Act, 18 U.S.C. §1951(2), and of aiding and abetting the use or carrying of a firearm during the commission of a crime of violence in violation of 18 U.S.C. §924(c) under 18 U.S.C. §2. He was sentenced to a 200-month term of imprisonment. *United States v. Nelson*, 92-CR-145, Southern District of Indiana. These convictions were affirmed on direct appeal to the Seventh Circuit. Nelson's Petition makes clear that he is not challenging these convictions. Instead, he seeks to challenge his subsequent convictions in California.

On April 12, 1996, following a nine-day jury trial and six days of jury deliberations, Nelson was convicted of aiding and abetting the interference of commerce by robbery in violation of the Hobbs Act, 18 U.S.C. §1951(2), and of aiding and abetting the use or carrying of a firearm during the commission of a crime of violence in violation of 18 U.S.C. §924(c) under 18 U.S.C. §2. Nelson was sentenced on July 15, 1996, to an aggregate term of incarceration of 390 months to be followed by a 3-year term of supervised release. This sentence was ordered to run concurrently with his convictions for the Indianapolis robbery. Nelson

appealed his conviction to the Ninth Circuit, which affirmed on February 26, 1998. The Supreme Court denied Nelson's petition for writ of certiorari on October 5, 1998. Nelson has not filed a motion to vacate his sentence under 28 U.S.C. §2255. *United States v. Lott, et al.*, 95-CR-72, Southern District of California [Record Nos. 327, 361, 390, 425, 426, 434 therein]; *Lott et al. v. United States*, 95-40555, United States Court of Appeals for the Ninth Circuit.

In his present petition for habeas corpus relief filed pursuant to 28 U.S.C. §2241, Nelson asserts that he did not possess, let alone use or carry, any firearm with respect to any of the robberies. Therefore, he claims that he cannot be guilty of violating Section 924(c) under *Bailey v. United States*, 516 U.S. 137 (1995). The Ninth Circuit rejected a similar – but not identical – argument by Nelson in his direct appeal. *See Lott*, 137 F.3d at 1103.

## DISCUSSION

The Court lacks jurisdiction to entertain Nelson's petition for habeas corpus relief, and even if it possessed jurisdiction over his petition, it would be denied on the merits. Initially, the Court notes that a habeas petition filed pursuant to Section 2241 is not the appropriate avenue for relief under the circumstances of this case. Typically, 28 U.S.C. §2241 is used by prisoners to challenge the execution of a sentence, such as the computation of parole or sentence credits, not their conviction or sentence. *See DeSimone v. Lacy*, 805 F.2d 321, 323 (8th Cir. 1986) (per curiam); *Cohen v. United States*, 593 F.2d 766, 770-71 (6th Cir. 1979). As Nelson challenges the legality of his conviction, he ordinarily must raise this claim through a post-conviction motion under 28 U.S.C. §2255.

Although Nelson's petition does not include an express assertion that his remedy under Section 2255 "is inadequate or ineffective" to test the legality of his detention, the Court assumes that Nelson wishes to invoke this Court's habeas corpus jurisdiction under Section 2241 pursuant to the "savings clause" of Section 2255. 28 U.S.C. §2255, ¶5. The Court's review of the record in Nelson's prior legal proceedings indicates that Nelson has not presented his claim in a prior post-conviction motion under Section 2255 and been denied relief by the trial court. Therefore, this Court must determine whether his remedy under Section 2255 is "inadequate or ineffective" before he is entitled to its consideration of his claims on the merits.

In *Charles v. Chandler*, 180 F.3d 753 (6th Cir. 1999), the Sixth Circuit noted that Section 2241 is not a "catch all" remedy, but is available only if the petitioner is able to demonstrate that his Section 2255 remedy is truly "inadequate and ineffective." *Id.* at 756. The Court made clear that habeas corpus relief is unavailable to a federal prisoner if he fails to avail himself of a reasonable opportunity to obtain an earlier correction of a fundamental defect in his conviction or sentence under pre-existing law. *Id.*; *see also United States v. Prevatte*, 300 F.3d 792, 800 (7th Cir. 2002).

In *Martin v. Perez*, 319 F.3d 799 (6th Cir. 2003) (*Martin I*), the Sixth Circuit further clarified the decision in *Charles* by holding that the "savings clause" may only be invoked by a petitioner who presents a viable claim of "actual innocence" based upon a subsequent Supreme Court decision interpreting the criminal statute under which he has been convicted in a materially different manner than that prevailing at the time of his conviction. *Id.* at 804; *see also Lott v. Davis*, 105 Fed.Appx. 13 (6th Cir. 2004) ("Although this court has not determined the exact

scope of the savings clause, it appears that a prisoner must show an intervening change in the law that establishes his actual innocence in order to obtain the benefit of the savings clause.")

The intervening change in the law upon which Nelson apparently attempts to rely is the Supreme Court's decision in *Bailey v. United States*, 516 U.S. 137 (1995). In *Bailey*, the Supreme Court interpreted the statutory term "use" to mean the firearm must be "actively employed" such as by brandishing or displaying the firearm. *Id*. at 147-49. The problem, of course, is that *Bailey* was decided in 1995, three years *before* Nelson's 1998 conviction. Therefore, any error predicated on *Bailey* must, and indeed was, raised on direct appeal, not collateral attack, as that decision established the law the trial court was bound to follow at the time of the trial.

Simply stated, this Court lacks subject matter jurisdiction to reach the merits of Nelson's claims because they are not claims of "actual innocence". Even if his claims are true, Nelson does not assert that the trial court convicted him of conduct "that the law does not make criminal" in light of a Supreme Court decision handed down *after* his direct appeal or first collateral attack on his conviction. *Martin I*, 319 F.3d at 805; *Charles* at 180 F.3d at 757; *Truss v. Davis*, 115 Fed.Appx. 772, 775 (6th Cir. 2004) ("Thus far, the only circumstance in which this court has found §2255 to be an ineffective or inadequate remedy is when the petition stated a facially valid claim for actual innocence.") Because the claims in Nelson's habeas petition do not present a facially-valid claim that he is actually innocent of the offense charged, the savings clause of Section 2255 does not permit him to pursue this claim in a habeas corpus proceeding under Section 2241. *Bousley v. United States*, 523 U.S. 614, 620 (1998).

Finally, even if the Court could reach Nelson's petition on the merits, it would fail. Nelson's argument based upon *Bailey* is that he did not possess, let alone actively employ, any firearm during and in relation to a crime of violence as required under Section 924(c)(1)(A). However, Nelson was not convicted of using or carrying a firearm under Section 924(c). He was convicted under 18 U.S.C. §2 of aiding and abetting *another's* use or carrying of a firearm during and in relation to a crime of violence under Section 924(c)(1). Therefore, even assuming the availability of *Bailey* to Nelson as a basis for relief, it would not assist him. *Wright v. United States*, 182 F.3d 458, 465 (6th Cir. 1999) (joining six other Circuit Courts of Appeal holding that *Bailey*'s narrowed definition of "use" under Section 924(c)(1) requiring active employment does not limit the aiding and abetting theory of liability for that offense under Section 2).

## CONCLUSION

Accordingly, it is hereby **ORDERED** as follows:

(1) Nelson's petition for a writ of habeas corpus is **DENIED.**

(2) The Court certifies that any appeal would not be taken in good faith. 28 U.S.C. §1915(a)(3); *McGore v. Wrigglesworth*, 114 F.3d 601, 610-11 (6th Cir. 1997); *Kincade v. Sparkman*, 117 F.3d 949 (6th Cir. 1997).

(3) Judgment shall be entered contemporaneously with this Memorandum Opinion and Order in favor of the Respondent.

This 3rd day of August, 2006.


Signed By:
*Danny C. Reeves* DCR
United States District Judge